UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL LENA, | ) |
| | ) |
|     Petitioner | ) |
| | ) |
| v. | )   1:11-cv-00307-GZS |
| | ) |
| ATTORNEY GENERAL, MAINE, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION**

Michael Lena, a prisoner at the Somerset County Jail, has filed a petition pursuant to 28

U.S.C. § 2241 seeking his immediate release from confinement and claiming that he is being

illegally detained by Maine authorities.  Lena is in custody in Maine awaiting extradition to the

State of California upon the issuance of a Governor's Warrant.  He filed his petition for habeas

corpus relief in this court on August 11, 2011.  I now recommend that the court deny his petition.

**Procedural Background**

On May 19, 2011, Lena completed serving a twelve-year sentence in Canada.  Rather

than being taken to the border and deported by Canadian authorities, Lena was taken into

custody and placed at the Aroostook County Jail in Houlton, Maine.  (Lena, Aff. ¶ 7, Doc. No. 1-

1.)  The State filed a criminal complaint in the Maine District Court located at Houlton charging

Lena with one count of being a fugitive from justice pursuant to 15 M.R.S. § 213.  (Doc. No. 7-1,

state court docket record, State of Maine v. Michael Lena, Me. Dist. Ct., Houlton, Docket No.

HOUDC-CR-2011-00180.)  At his arraignment on May 20, 2011, Lena entered a plea of not

guilty to the charge.  (Id.)  On June 28, 2011, a fugitive from justice hearing was held pursuant to

15 M.R.S. §§ 214-215.  (Id.)  Following the hearing, District Court Judge Bernard O'Mara found

that the person before him at the hearing was Lena; that Lena was the person charged with the

crime alleged; that there was probable cause to believe that Lena committed the crime alleged; and that Lena was a fugitive from justice.  (Doc. No. 7-2.)  Pursuant to 15 M.R.S. § 215, the court was then authorized to commit Lena to jail for a period of 60 days while awaiting the issuance of a Governor's warrant of extradition.

On June 28, 2011, Lena filed an improper notice[1] of interlocutory appeal to the Maine Law Court from the District Court's order.  (Doc. No. 7-1.)  Rather than rely on this procedural infirmity, the Law Court issued an order denying a certificate of probable cause from the District Court's order on July 25, 2011.  (Doc. No. 7-3.)  On July 13, 2011, Lena filed a petition for a common law writ of habeas corpus with the Maine Supreme Judicial Court.  (Doc. No.7-4.)  On August 11, 2011, Lena filed the current 28 U.S.C. § 2241 petition with this Court.  According to an August 16, 2011, letter from the Clerk of the Maine Supreme Judicial Court to the Clerk of this Court, Lena's petition was then actively under review.  (Doc. No. 6.)  On August 19, 2011, an associate justice of the Maine Supreme Judicial Court denied Lena's state petition for a writ of habeas corpus.  (Doc. No. 8.)  The state now concedes that Lena has exhausted[2] his ability to seek state redress of his claims until such time as a Governor's warrant of extradition has actually issued pursuant to 15 M.R.S.A. § 207.  (2d Mot. Dismiss at 1, Doc. No. 9.)  According

---

[1]      The statutory provision authorizes an appeal to the Maine Law Court only when a final judgment has entered upon a petition contesting extradition after a Governor's warrant has issued.  15 M.R.S. § 210-B.  The assistant attorney characterizes the appeal as "improper" although apparently the Law Court treated it as properly filed because the appeal was not summarily dismissed, rather a certificate of probable cause was denied.

[2]      Exhaustion in the context of this extradition proceeding is a fluid concept.  There are procedural protections that apply prior to the issuance of a Governor's warrant and another set of procedures that apply post-issuance of the Governor's warrant.  Under 15 M.R.S. § 215, the June 28, 2011, commitment order lasted for 60 days.  At that point in time, if the Governor's warrant has not issued, the state has an obligation under state law to seek an extension of up to an additional 60 days pursuant to 15 M.R.S. § 217, after which time the complaint shall be dismissed, although the defendant could then be rearrested if a Governor's warrant ever issued.  It was anticipated that the Governor's warrant in California was to be signed by August 17, 2011.  (Doc. No. 7-6, August 16, 2011, e-mail from Kurt Kafferlin, Aroostook Cty. D.A. to Donald Macomber, AAG.)  Paperwork would then have to be processed in the Maine Governor's Office before Lena would be able to pursue any post-issuance of the Governor's warrants remedies through the Maine courts.  As I write this recommended decision, I have no information regarding current developments in the case.  I will gladly accept the state's concession on this issue of exhaustion and treat the Order as a final judgment for purposes of my review under 28 U.S.C. §2254(b)(3) and consideration of the merits, or lack thereof, of Lena's arguments.

to the assistant attorney general handling this federal habeas petition, Lena will then have an

opportunity, pursuant to 15 M.R.S.§  210  and § 210-A, to avail himself of those remedies

available to a person *after* the issuance of a Governor's warrant.

### Discussion

The state concedes that the order of the single associate justice denying common law

habeas corpus relief, coupled with the Law Court's refusal to issue a certificate of probable

cause, has exhausted all possible state avenues of pre-Governor's warrant challenges to  Lena's

detention.  This court must now determine whether the Law Court's denial of a certificate of

probable cause and the associate justice's order denying common law habeas relief were

unreasonable because it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28  U.S.C. § 2254(d)(1), (2).

The First Circuit recently summarized this standard in the context of 28 U.S.C. § 2254

review; Shuman v. Spencer explains the extreme deference owed state court determinations

under the restrictions on federal habeas relief as follows:

> When applying § 2254(d)(1) or (2), a decision can still be "reasonable" even if the
> reviewing court "concludes in its independent judgment that the relevant state
> court decision applied clearly established federal law erroneously or incorrectly."
> Renico v. Lett, --- U.S. ----, ----, 130 S.Ct. 1855, 1862 (2010) (internal quotation
> marks omitted and emphasis added). "[U]nreasonable" under this section of the
> AEDPA means something greater than incorrect or erroneous. See id. Finally,
> even if a state court's error rises to the level of being "unreasonable," habeas relief
> remains unavailable unless the petitioner can also show that the error "had a
> 'substantial and injurious effect or influence in determining the jury's verdict.'"
> Delaney v. Bartee, 522 F.3d 100, 105 (1st Cir.2008) (quoting Brecht v.
> Abrahamson, 507 U.S. 619, 631 (1993)).

636 F.3d 24, 30, (1st Cir., 2011).

Lena raises various grounds in his rather rambling § 2241 petition.  He argues first that

State of Maine authorities violated the "Uniform Criminal Extradition Act" (UCEA) and that

such violations are a violation of federal law.  (Sec. 2241 Pet. at 2, 8-9, Doc. No. 1.)  He also

argues that his Fourth Amendment rights under the United States Constitution were violated

because he was illegally seized at the border upon his release from custody in Canada.  (Id. at 6.)

Lena also contends that there are procedural and substantive defects associated with the

California warrant, including an argument that under California law the statute of limitations has

run and the warrant for his arrest is null and void.  (Id. at 7-8.)

The issue before this court is a relatively straightforward one.  My analysis of Lena's

challenge begins with Article IV, Section 2, Clause 2 of the United States Constitution.  It

provides:

> A person charged in any State with Treason, Felony, or other Crime, who shall
> flee from Justice, and be found in another State, shall on Demand of the executive
> Authority of the State from which he fled, be delivered up, to be removed to the
> State having Jurisdiction of the Crime.

U.S. Const. art. IV, § 2. cl. 2.  The United States Congress has codified the extradition clause at

18 U.S.C. § 3182, which is the procedural carry-through[3] of the Article IV "constitutional

command."  New Mexico ex rel. Ortiz v. Reed, 524 U.S. 151, 152 (1998).

---

[3] Section 3182 of title 18 reads:
> Whenever the executive authority of any State or Territory demands any person as a
> fugitive from justice, of the executive authority of any State, District, or Territory to which such
> person has fled, and produces a copy of an indictment found or an affidavit made before a
> magistrate of any State or Territory, charging the person demanded with having committed
> treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the
> State or Territory from whence the person so charged has fled, the executive authority of the State,
> District, or Territory to which such person has fled shall cause him to be arrested and secured, and
> notify the executive authority making such demand, or the agent of such authority appointed to
> receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall
> appear.  If no such agent appears within thirty days from the time of the arrest, the prisoner may be
> discharged.

Maine first enacted the Uniform Criminal Extradition Act in 1929.  This uniform act is

applicable to the states, not the federal government.  The provision currently provides:

> Subject to the provisions of this chapter and of the Constitution of the
> United States and Acts of Congress in pursuance thereof, it is the duty of the
> Governor of this State to have arrested and delivered up to the executive authority
> of any other state of the United States any person who is a fugitive from justice,
> as defined in section 201, subsection 4, and is found in this State.  Any person
> charged with or convicted of a crime as an adult in the demanding state shall be
> subject to this chapter, regardless of age.

15 M.R.S. § 202.

Normally federal habeas petitions in extradition cases are reviewed under the framework

set forth in <u>Michigan v. Doran</u>, 439 U.S. 282 (1978), a case setting the standard of review for a

challenge to post-Governor's warrant habeas proceedings.[4]  Once the Governor has granted an

extradition, federal habeas review is extremely limited.  Certainly Lena can gain nothing from

the argument that the Maine courts gave him more process than he is due under federal

constitutional standards as set forth in federal law and by the United States Supreme Court.

United States Supreme Court precedent on the use of federal habeas proceedings to

challenge interstate extradition proceedings in state courts is sparse, but what precedent exists

certainly bars the federal court in Maine from passing upon the constitutionality of petitioner's

incarceration in the demanding state, in this case California.  <u>Sweeney v. Woodall</u>, 344 U.S. 86,

88-89 (1952).  To the extent Lena challenges the authority of California's demand for the

---

18 U.S.C. § 3182.   This federal statute may be the source of the "30 day rule" to which Lena makes reference
throughout his petition. (Lena Aff. at 2-3, Doc. No. 1-1.)  It is apparent from the plain language of the federal
statute that the "30 day rule" refers to arrest upon a Governor's warrant, not an arrest based on state law that
authorizes a probable cause arrest on the state offense of fugitive from justice as is codified by 15 M.R.S. §§ 213-
218.

[4]      In spite of the State's concession regarding exhaustion, and the Maine Law Court's willingness to review
Lena's interlocutory appeal and common law habeas petition on their merits, by denial of a certificate of probable
cause and reference to a single justice, there is no question in my mind that Lena "jumped the gun" in filing this
federal habeas petition because there simply is no Governor's warrant to challenge at this point in time nor has Lena
been held in violation of the "30 day rule" because the thirty days cannot begin running until the Governor's warrant
issues.  Once Lena has exhausted all available state court process and is available for return to the demanding state,
the "30 day rule" becomes applicable.

surrender of Lena to California authorities, this challenge is properly "left to the prosecutors and courts of the demanding state." Coungeris v. Sheehan, 11 F.3d 726, 729 (7th Cir. 1994).

As for Lena's complaints regarding Maine's technical compliance with the UCEA prior to issuance of the Governor's warrant, it is unclear how technical compliance with procedural requirements of Maine's own statutes would amount to a violation of federal law. The UCEA is unlike the Interstate Agreement on Detainers Act (IAD) in that the federal government is not a direct signatory to the UCEA, which is entirely a compact among the states. However, even in the case of the IAD, the United States Supreme Court has held that federal statutory, nonconstitutional violations do not normally give rise to a claim for federal habeas relief. Reed v. Farley, 512 U.S. 339, 354, (1994), (nonconstitutional claims can be raised in a federal habeas proceeding only if the alleged error results in "a complete miscarriage of justice") (citations omitted). In Doran the Supreme Court held that a petitioner is entitled to a very limited, four-facet analysis of the sending state's determination. Stating that "[a] governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met," the Court declared:

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

439 U.S. at 289 (citing Bassing v. Cady, 208 U.S. 386, 392 (1908). While Lena's petition comes to this court prior to the issuance of the Governor's warrant, there is nothing in the process he was accorded that suggests this court should somehow expand its review beyond the four-facet test for post-issuance of the Governor's warrant. The historic facts in this case are virtually indisputable and the record readily reveals that Lena concedes identity, the documents so far

6

presented from California are in order, and Lena has indeed been charged with a crime in California. Finally, Lena acknowledges he has been outside the United States for twelve years and has not been in California and is, thus, a fugitive within the meaning of the test outlined.

Finally, Lena complains about the circumstances of his arrest and initial appearance as being a violation of the Fourth Amendment. Law enforcement officials in Houlton, Maine, had statutory authority under 15 M.R.S. § 214 to make a probable cause arrest of Lena once notified of his release by Canadian authorities. The lack of an arrest warrant was neither a statutory nor a constitutional violation. Lena also complains that his initial appearance and arraignment were conducted by video rather than in person. Assuming, without deciding, that an accused has a constitutional right to appear in person for arraignment, see, e.g., Fed. R. Crim. P. 10(c) (allowing for video arraignment only with the defendant's consent), Lena's remedy would not necessarily be release from custody, a step that would only result in his rearrest and personal appearance before a judge. The record indicates that Lena has been before a judge and a hearing has been held on the complaint. Lena is not entitled to federal habeas relief on this score.

### Conclusion

Based upon the foregoing I conclude that there was no unreasonable application of federal law in either the Maine Law Court's decision to deny a certificate of probable cause or the habeas decision of the associate justice. The historical facts necessary for an extradition order are undisputed in this case. Therefore I recommend that this court deny the petition. I further recommend that a certificate of appealability should not issue in the event Lena files a notice of appeal because there is no substantial showing of the denial of a constitutional right as contemplated by 28 U.S.C. § 2253(c)(2).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 6, 2011